UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff<br><br>vs.<br><br>TIFFANEE GARNIER,<br>Defendant | 5:16-cr-50137<br><br>MEMORANDUM OPINION<br>AND ORDER |

Pending before the Court is Defendant's motion for reduction in sentence pursuant to Amendment 821 to the Federal Sentencing Guidelines. (Doc. 104). The Government has responded. (Doc. 106). The Federal Public Defender has notified the Court of its intent not to supplement. (Doc. 6/25/2024). For the following reasons the Court denies Defendant's motion.

## BACKGROUND

Defendant was convicted of accessory after the fact to murder. 18 U.S.C. § 3. Defendant participated in a killing by fellow gang members by pointing out the deceased as the person who was being targeted. The individuals appeared at a Boys and Girls Club in Pine Ridge, and after assaulting the victim, several people shot him. (Doc. 73, PgID 199). Following the killing, Defendant drove some of

1

the perpetrators to Colorado which assisted them in preventing their apprehension. (Doc. 73, PgID 199).

The base offense level for the offense was 30, and Defendant's acceptance of responsibility yielded a total offense level of 27. She had 5 criminal history points, with a criminal history category of III. The applicable Guidelines sentence was 87-108 months. (Doc. 79). The court imposed an above-Guidelines sentence of 180 months, the statutory maximum, indicating as the reason that Defendant was an "accessory to violent gang slaying to enforce a drug debt." (Id., PgID 227).

Defendant now requests a sentence reduction pursuant to a recent Guidelines amendment that was made retroactive.

**LEGAL STANDARD**

Ordinarily, a court may not modify a sentence once it has been imposed. 18 U.S.C. § 3582. The statute creates an exception for a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission...". Id. § 3582(c). In such a situation, the court engages in the two-step procedure set forth in *Dillon v. United States*, 560 U.S. 817, 826-27 (2010). That procedure requires a determination whether the applicant qualifies for relief under § 3582(c), followed by ascertaining the pertinent guideline range. *Id.* See also *United States v. Estupinan*, 2023 WL 9022718, *2 (S.D. Fla. Dec. 31, 2023); *United States v. Diaz*, 2024 WL 167166, *2 (S.D. Fla. Jan. 16, 2024); *United States*

*v. Reed*, 2024 WL 1521593, *1 (D.N.D. April 8, 2024); *United States v. Ybarra*, 2024 WL 2941554, *1 (D.S.D. June 11, 2024).

Amendment 821 to the Guidelines includes two provisions that can provide relief if applicable. First, § 4A1.1 addresses status points a defendant received because the offense was committed while under any "criminal justice sentence," including imprisonment, probation, or supervised release. The provision reduces status points from 2 to 1 for certain offenders and eliminates such points for others. The second aspect of Amendment 821 appears at § 4C1.1, which addresses a possible reduction in offense level for certain offenders who have zero criminal history points if their offense of conviction meets certain criteria.

## ANALYSIS

Defendant's offense was not committed while she was under a criminal justice sentence such as imprisonment, probation, or supervised release. (Doc. 73). Therefore, relief pursuant to § 4A1.1 is not available to her. Further, because Defendant had five criminal history points, she does not qualify as a "zero point offender." (Id.). Therefore, relief pursuant to § 4C1.1 is not available to her.

Accordingly, IT IS ORDERED that Defendant's motion for reduction in sentence, (Doc. 104), is denied.

Dated this _____ day of July, 2024.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

_____

4